UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH FISHER, on behalf of himself and all others similarly situated,<br>Plaintiff,<br>v.<br>ERIC WELCH; JAY MCGRAW; CREDITSERVE, INC.; SHANE THIN ELK; PETER LENGKEEK; RORY-ANNE ZIEGLER; SUMMER DRAPEAU; CHRISTINE OBAGO; MARK WELLS; FABIAN HOWE, SR.; KYLE LOUDNER and DOES 1–40,<br>Defendants. | Case No.: 3:25-cv-01698-WQH-BJW<br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Stipulation of Dismissal With Prejudice filed by Plaintiff Kenneth Fisher ("Plaintiff") and joined by all other parties in this case (ECF No. 69) pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a *certified class* may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

Because no class has been certified in this case, the requirements of Rule 23(e), as amended in 2003, do not apply to the Stipulation of Dismissal With Prejudice. *See* Fed. R. Civ. P. 23(e), adv. comm. notes, 2003 amdts. ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement...."); *Dougan v. Centerplate, Inc.*, 706 F. Supp. 3d 1025, 1028 (S.D. Cal. 2023) (joining "[s]everal courts [that] have interpreted the 2003 amendment to Rule 23(e) to establish that when no class has been certified, voluntary dismissal of a putative class action is limited only by Rule 41"). *But see Munoz v. Peet's Coffee, Inc.*, No. 26-CV-00499-EMC, 2026 WL 2517250, at *1 (N.D. Cal. Aug. 26, 2026) (collecting and joining cases holding the opposite). Plaintiff has otherwise complied with Rule 41(a)(1)(A)(ii) by filing a stipulation of dismissal signed by all parties who have appeared in this case.

IT IS HEREBY ORDERED that this case is dismissed with prejudice as to Plaintiff's claims and without prejudice as to the claims of putative class members. Each party shall bear their own costs, attorneys' fees, and expenses. The Clerk of Court shall close this case.

Dated: 10/16/2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court